Michael ROBERTSON, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–0512–CR–731.

Court of Appeals of Indiana.

Jan. 24, 2007.

Kurt A. Young, Nashville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Justin F. Roebel, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Chief Judge.

After a jury trial, Michael Robertson ("Robertson") was found guilty of theft [1] as a Class D felony. Robertson appeals raising the following restated issues:

    I.    Whether the circumstantial evidence was sufficient to convict Robertson of theft.

    II.    Whether Robertson's enhanced and consecutive sentence is statutorily permissible pursuant to IC 35–50–2–1.3.[2]

We affirm in part, reverse in part, and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

On April 20, 2005, Clyde Baker ("Baker") discovered his garage door had been pried open and that his chainsaw was missing. Baker called the police and reported the break-in.

Baker suspected Robertson took the chainsaw and relayed that suspicion to the investigating officer. Baker had met Robertson a year earlier when Robertson sold Baker an alarm system for his house. The alarm system, however, did not protect Baker's detached garage. After selling the alarm system to Baker, Robertson went to work for the same company as Baker and actually worked out of Baker's home for nearly a year up until three days prior to the reported theft.

A deputy sheriff later recovered the chainsaw from a pawnshop. Baker identified the chainsaw's unique crack in the base and its new handle and confirmed that it was his. Thereafter, the deputy met with Robertson, who admitted he sold the chainsaw to the pawnshop.

A jury ultimately found Robertson guilty of theft as charged. In sentencing Robertson, the trial court found that the aggravators, including Robertson's criminal history, outweighed the mitigator, the value of the stolen chainsaw, and sentenced Robertson to two years in the Department of Correction to be served consecutive to Robinson's sentence in Hendricks County for Possession of methamphetamine.[3] Robertson now appeals.

## DISCUSSION AND DECISION

### I. Sufficiency of the Evidence

██ Robertson claims there was insufficient evidence to convict him of theft. When we review whether there is sufficient evidence to support a conviction, we do not reweigh the evidence or judge the credibility of the witnesses. *Wright v. State,* 828 N.E.2d 904, 905 (Ind.2005). The trier of fact, not this court, must decide the weight of the evidence and the credibility of the witnesses when it determines

---

1.  *See* IC 35–43–4–2.

2.  Robertson also contends that his enhanced sentence violated *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Because we hold that Robertson's enhanced sentence contravened IC 35–50–2–1.3, we do not reach this issue.

3.  The trial court also directed that the sentence imposed in this case would be consecutive to Robertson's sentences in two other pending cases.

whether the evidence sufficiently proves each element of the crime. *Id.* We must affirm if the probative evidence and reasonable inferences drawn therefrom support the jury's verdict. *Id.*

■ Here, in order for the jury to find Robertson guilty of theft, the State was required to prove beyond a reasonable doubt that he knowingly exerted unauthorized control over Baker's chainsaw, with the intent to deprive Baker of any part of its value or use. *See* IC 35–43–4–2. Although a theft conviction may be supported by circumstantial evidence alone, we must proceed with caution to ensure that innocent individuals are not convicted. *Brink v. State*, 837 N.E.2d 192, 195 (Ind. Ct.App.2005), *trans. denied.* Circumstantial evidence is that evidence "not based on actual personal knowledge or observation of the facts in controversy, but of other facts from which deductions are drawn." *Black's Law Dictionary* 126 (5th ed.1983).

■ Although possession of stolen items shortly after a theft may be sufficient to support a conviction for theft, we will overturn a conviction when there has been a lapse of time between the reported theft and the defendant's possession and there is limited or no other corroborating evidence. *See Kidd v. State*, 530 N.E.2d 287, 288 (Ind.1988); *Buntin v. State*, 838 N.E.2d 1187, 1191 (Ind.Ct.App.2005); *Trotter v. State*, 838 N.E.2d 553, 557–58 (Ind.Ct.App.2005). In, *Buntin*, we overturned defendant's conviction for auto theft because the only evidence was that defendant possessed the stolen vehicle five days after it was reported missing. *Buntin*, 838 N.E.2d at 1191. The Court noted, however, "evidence of other circumstances or the character of the goods may support an inference that the defendant stole the property." *Id.* (citing *Allen v. State*, 743 N.E.2d 1222, 1230 (Ind.Ct.App.2001)).

In *Brink*, we upheld the defendant's conviction for robbery, on circumstantial evidence alone. *Brink*, 837 N.E.2d at 192. The evidence included: (1) the defendant had been in the area of the scene of the crime; (2) there was a field covered in dew between where the defendant admitted he was and the scene of the crime; (3) the defendant's pants were wet; (4) the door had been pried at with what appeared to be a half-inch tool; (5) the defendant had a screw driver in his vehicle that matched that description; (6) flat-soled shoe prints were discovered; and (7) the defendant was wearing flat-soled cowboy boots. *Id.* at 197–98. Other evidence was that the paint on the door did not match the white substance found on the defendant's screwdriver, and that a witness described someone wearing dark clothing while the defendant was wearing overalls with a white t-shirt. *Id.* at 197. This court concluded that these facts led to conflicting inferences, but that the jury was free to convict on the inference of guilt. *Id.*

Here, we find the circumstantial evidence was sufficient to support Robertson's conviction for theft. Baker testified that his garage had been pried open and that his chainsaw was missing from within. Robertson admitted that he possessed and pawned the chainsaw that Baker later identified as his own. Robertson had worked at Baker's residence for over a year and was only fired three days prior to the reported theft. As the ADT sales representative who sold Baker his security system, Robertson knew Baker's property and that the security system did not monitor Baker's detached garage. This evidence was sufficient for the jury to conclude that Robertson committed the theft.

## II. Consecutive Sentences

Robertson next argues that IC 35–50–2–1.3 requires the trial court to impose the advisory sentence for Robertson's consecu-

tive sentence. IC 35–50–2–1.3 provides in relevant part:

(b) Except as provided in subsection (c), a court is not required to use an advisory sentence.

(c) In imposing:

(1) consecutive sentences in accordance with IC 35–50–1–2;

(2) an additional fixed term to an habitual offender under section 8 of this chapter; or

(3) an additional fixed term to a repeat sexual offender under section 14 of this chapter;

a court is required to use the appropriate advisory sentence in imposing a consecutive sentence or an additional term. However, the court is not required to use the advisory sentence in imposing the sentence for the underlying offense.

Our court has split on the proper interpretation of this statute. In *White v. State*, 849 N.E.2d 735 (Ind.Ct.App.2006) a panel of this court held this language ambiguous and construed it to refer to the cap on consecutive sentences in non-violent offenses, that being the advisory sentence of the next highest class of felony. In doing so, the panel relied on the language of IC 35–50–1–2 entitled "consecutive and concurrent terms," which provides in pertinent part:

(b) As used in this section, "episode of criminal conduct" means offenses or a connected series of offenses that are closely related in time, place, and circumstance.

(c) Except as provided in subsection (d) or (e), the court shall determine whether terms of imprisonment shall be served concurrently or consecutively. The court may consider:

(1) aggravating circumstances under IC 35–38–1–7.1(a); and

(2) mitigating circumstances in IC 35–38–1–7.1(b);

in making a determination under this section. The court may order terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time. However, except for crimes of violence, the total of the consecutive terms of imprisonment, exclusive of terms of imprisonment under IC 35–50–2–8 and IC 35–50–2–10, to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

The panel in *White* concluded that IC 35–50–2–1.3 does not place any "additional restrictions on the ability of trial courts to impose consecutive sentences ..." *White*, 849 N.E.2d at 743.

Alternatively, in *Weaver v. State*, 845 N.E.2d 1066 (Ind.Ct.App.2006) *trans. denied*, another panel noted that the trial court is required to use advisory sentences in imposing consecutive sentences, citing IC 35–50–2–1.3. *Id.* at 1070 n. 3. A member of that panel made the same observation in an opinion concurring in result in *Banks v. State*, 841 N.E.2d 654, 661 (Ind. Ct.App.2006), *trans. denied.*

■■ Our concern with the analysis in *White* is that (1) it renders the language in IC 35–50–2–1.3 surplusage since the consecutive sentencing statute, IC 35–50–1–2, clearly limits the total of the consecutive sentences for non-violent offenses to the advisory sentence for the next highest class of felony; and (2) nothing in the advisory sentencing statute, IC 35–50–2–1.3, limits its application to non-violent offenses. Although the *White* decision argues that the legislature could not have intended the results the statute is capable

of generating, the argument is moot " '[w]hen the language of the statute is clear and unambiguous.'" *White,* 849 N.E.2d at 742–43 (quoting *Woodward v. State,* 798 N.E.2d 260, 262 (Ind.Ct.App. 2003)), *trans denied.* We hold that the advisory sentencing statute, IC 35–50–2–1.3, is clear and unambiguous and imposes a separate and distinct limitation on a trial court's ability to deviate from the advisory sentence for any sentence running consecutively. We further hold that the ameliorative nature of the statute must be extended to those individuals who committed an offense before the statute was in effect and were sentenced thereafter. *See Richards v. State,* 681 N.E.2d 208, 213 (Ind. 1997).

In this case, IC 35–50–2–1.3 applies to Robertson's sentence in two respects. First, the trial court was not restricted from deviating from the advisory on the underlying offense, namely, his previous conviction in Hendricks County for possession of methamphetamine. *See* IC 35–50–2–1.3(c)(1). Second, "in imposing consecutive sentences in accordance with IC 35–50–1–2 [the trial court was] required to use the appropriate advisory sentence." *Id.* We instruct the trial court on remand to reduce Robertson's sentence for his Class D felony theft conviction from 2 years to the advisory sentence of 1 and 1/2 years.

Affirmed in part, reversed in part, and remanded with instructions.

SHARPNACK, J., and MATHIAS, J., concur.