ATTORNEY FOR APPELLANT
Kurt A. Young
Nashville, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 49S05-0704-CR-152

MICHAEL ROBERTSON,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Marion Superior Court, No. 49F09-0206-FD-167882
The Honorable Mark Stoner, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 49A05-0512-CR-731

**August 8, 2007**

**Boehm, Justice.**

We hold that under the sentencing laws from April 25, 2005, a court imposing a sentence to run consecutively to another sentence is not limited to the advisory sentence. Rather, the court may impose any sentence within the applicable range.

## Factual and Procedural History

On April 20, 2002, Clyde Baker reported to the police that someone had broken into his garage and his chainsaw was missing. Baker suspected a former employee of his, Michael Robertson. The police investigated, and on June 13, 2002, Robertson was charged with one count of theft, a class D felony. Due to a series of other entanglements with the law,[1] Robertson was not tried until November 16, 2005, when a jury found him guilty of the 2002 theft.

At the time of Robertson's offense, the presumptive sentence for a class D felony was one and one-half years. No more than one and one-half years could be added for aggravating circumstances, and no more than one year subtracted for mitigating circumstances. Ind. Code § 35-50-2-7(a) (2000). The trial court found that the aggravating circumstance of Robertson's criminal history outweighed the mitigating circumstance of the low value of the item stolen and sentenced Robertson to two years. It ordered the sentence to be served consecutively to a sentence Robertson had received in Hendricks County for possession of methamphetamine, a class D felony, and to any sentences Robertson might receive in two other pending cases.

Robertson appealed, arguing that (1) there was insufficient evidence to convict him of theft; (2) because his sentence was consecutive to another sentence, Indiana Code section 35-50-2-1.3 required that the advisory sentence of eighteen months be imposed and prohibited an enhanced two-year term; and (3) his enhanced sentence violated Blakely v. Washington, 542 U.S. 296 (2004). The Court of Appeals rejected his first argument but agreed that Robertson's enhanced sentence was not permissible under section 35-50-2-1.3. Robertson v. State, 860 N.E.2d 621 (Ind. Ct. App. 2007). The court did not discuss the merits of Robertson's Blakely claim. Id. at 622 n.2. We granted transfer. Robertson v. State, 869 N.E.2d 455 (Ind. 2007).

---

[1] Robertson did not appear for a pretrial conference on September 24, 2002, and a warrant was issued. He appeared for court two days later, and the warrant was recalled. On December 17, 2002, Robertson again failed to appear, and another warrant was issued. In the meantime, on November 11, 2002, Robertson was found guilty of possession of methamphetamine, a class D felony. Almost three years later, Robertson was arrested for attempted burglary. This arrest led to a revival of the dormant prosecution in this case, and on September 7, 2005, Robertson appeared in court.

## I. Indiana Code Section 35-50-2-1.3

On June 24, 2004, the Supreme Court of the United States handed down Blakely v. Washington, 542 U.S. 296 (2004), which explained how the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000) applies to sentencing laws. Blakely held that the Sixth Amendment right to a jury trial required that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Blakely, 542 U.S. at 301 (quoting Apprendi, 530 U.S. at 490). Blakely explained that the "statutory maximum" was "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Id. at 303 (internal quotation and emphasis omitted). The Court held that to the extent Washington's sentencing procedure permitted a judge to increase a sentence above the "statutory maximum" in violation of these principles, it violated the defendant's Sixth Amendment rights. Id. at 305.

At the time of Robertson's theft, Indiana's sentencing laws established a "presumptive" sentence and a "range" for each class of felony and misdemeanor. A sentence could be enhanced or reduced from the presumptive sentence based on aggravating or mitigating circumstances found by the trial judge. In Smylie v. State, 823 N.E.2d 679 (Ind. 2005), we held that this Indiana sentencing scheme violated the Sixth Amendment as explained in Blakely because a sentence greater than the presumptive sentence required additional facts, but those facts were neither found by a jury nor admitted by the defendant. The legislature responded to Blakely by eliminating the requirement that the sentencing judge find aggravating circumstances before imposing a sentence greater than the presumptive. Effective April 25, 2005, the legislature amended the sentencing statutes to replace "presumptive" sentences with "advisory" sentences and to authorize the sentencing court in its discretion to impose any sentence within the statutory range. P.L. 71-2005, §§ 1, 3, 4, 6–10 (codified as Ind. Code §§ 35-35-3-1, -38-1-7.1, -50-1-2, 50-2-3 to -7 (Supp. 2005)). The length of each new advisory sentence was the same as its predecessor presumptive sentence.

In addition to abolishing the "presumptive sentence," the 2005 amendments added the provision at issue here. Indiana Code section 35-50-2-1.3, P.L. 71-2005, §5, provided

Sec. 1.3. (a) For purposes of sections 3 through 7 of this chapter, "advisory sentence" means a guideline sentence that the court may voluntarily consider as the midpoint between the maximum sentence and the minimum sentence.

(b) Except as provided in subsection (c), a court is not required to use an advisory sentence.

(c) In imposing:

> (1) consecutive sentences in accordance with IC 35-50-1-2;
>
> (2) an additional fixed term to an habitual offender under section 8 of this chapter; or
>
> (3) an additional fixed term to a repeat sexual offender under section 14 of this chapter;

a court is required to use the appropriate advisory sentence in imposing a consecutive sentence or an additional fixed term. However, the court is not required to use the advisory sentence in imposing the sentence for the underlying offense.

Indiana Code § 35-50-1-2, to which subsection 1.3(c)(1) refers, is sometimes called the "episode" statute. Subsection 2(a) of the episode statute sets out a list of "crimes of violence." Subsection (b) defines "episode," and subsection (c) provides that, except for crimes of violence, the total of consecutive sentences for multiple felonies committed in the same episode may not exceed the advisory sentence for felonies one class higher than the most serious of the felonies for which the defendant has been convicted.

Robertson was given a sentence of two years, which is six months longer than the advisory sentence for a class D felony, and the sentence was ordered to be served consecutively to at least one other sentence. He argues that this enhanced and consecutive sentence violated section 1.3(c)(1). Specifically, Robertson contends that a trial court must impose the advisory sentence if it orders the sentence to be served consecutive to another sentence. Thus, according to Robertson, if the trial court wanted to impose a consecutive sentence, it was required to impose the advisory sentence of one and one-half years for Robertson's class D felony.

Robertson acknowledges that section 1.3 became effective more than three years after his offense and that courts sentence a defendant under the sentencing statutes in effect at the time the defendant committed the offense. See Jacobs v. State, 835 N.E.2d 485, 491 n.7 (Ind. 2005). He seeks to invoke a "rule of lenity." Because section 1.3 was effective before his sentencing and

4

because it would reduce his consecutive sentence from two years to one and one-half years, he contends he gets the benefit of the reduction. He cites Richards v. State, which states "a defendant who is sentenced after the effective date of a statute providing for more lenient sentencing is entitled to be sentenced pursuant to that statute rather than the sentencing statute in effect at the time of the commission or conviction of the crime." 681 N.E.2d 208, 213 (Ind. 1997).

The State argues that Robertson's contention proceeds from an erroneous premise because section 1.3 does not represent an ameliorative change in the sentencing statutes. The State contends that the language in subsection 1.3(c)(1) referring to the "use" of advisory sentences for consecutive sentences refers to the maximum penalty allowed if the episode statute applies. Subsection (c) of the episode statute limits the sentence for multiple nonviolent felonies in a single episode to "the advisory sentence for a felony which is one (1) class higher than the most serious of the felonies for which the person has been convicted." The State argues that the requirement in subsection 1.3(c)(1) that the advisory sentence be "used" merely retains the earlier provision in the episode statute that capped the total sentencing for an episode at the presumptive sentence for the next highest class. Similarly, the State contends that the references to the repeat offender provisions in subsections 1.3(c)(2) and (3) serve only to retain the pre-2005 maximum terms for habitual offenders and repeat sexual offenders. As construed by the State, section 1.3 effected no amelioration because the old presumptive and the new advisory sentences are the same number of years. Thus, Robertson's claim to relief under the rule of lenity requires that the statute operate to prohibit an enhanced consecutive sentence as Robertson contends.[2]

The Court of Appeals agreed with Robertson and held that the language of section 1.3 was "clear and unambiguous" and imposed "a separate and distinct limitation on a trial court's ability to deviate from the advisory sentence for any sentence running consecutively." Robertson, 860 N.E.2d at 625. The Court of Appeals noted that another panel of that court had reached a different conclusion in White v. State, 849 N.E.2d 735, 743 (Ind. Ct. App. 2006), trans. denied, which found that section 1.3 does not place any additional restrictions on the ability of trial

---

[2] The rule of lenity ordinarily applies to give a defendant the benefit of a reduction in the applicable sentence that becomes effective after the crime but before sentencing. As Robertson reads section 1.3, it would reduce his sentence from two years to eighteen months but would increase the sentence of anyone given less than the advisory. So construed, section 1.3 is not a generally ameliorative provision. Because we do not agree with Robertson's construction of section 1.3, we do not resolve whether the rule of lenity would give him relief if he were correct.

5

courts of impose consecutive sentences. Robertson, 860 N.E.2d at 624. The Court of Appeals in this case disagreed with White for two reasons: (1) it rendered the language of section 1.3 surplusage and (2) section 1.3, unlike the episode statute, was not limited to nonviolent offenses. Id. The Court of Appeals held that section 1.3 required the trial court to impose the advisory sentence of one and one-half years for Robertson's class D felony theft but did not restrict the trial court from deviating from the advisory sentence on Robertson's underlying offense, the class D felony possession of methamphetamine.[3] Id. at 625.

We agree that if the language of a statute is clear and unambiguous, it is ordinarily not subject to judicial interpretation. Woodward v. State, 798 N.E.2d 260, 262 (Ind. Ct. App. 2003), trans. denied. But we do not agree that section 1.3 is clear and unambiguous, and we do not agree that it is surplusage if construed as the State contends. Subsection 1.3(c) carves out exceptions to subsection 1.3(b), which includes the critical language intended to avoid a Blakely problem. Subsection 1.3(b) provides that "a court is not required to use an advisory sentence" except in the three situations identified in subsection (c). Section 1.3, taken as a whole, underscores that there is no requirement to impose the advisory sentences. That is what subsection 1.3(b) says in no uncertain terms. Notwithstanding the general grant of unfettered discretion in subsection 1.3(b), subsection 1.3(c) identifies three circumstances in which the advisory sentence is required to be used. These are: (1) when imposing consecutive sentences for nonviolent felony convictions arising out of a single episode of criminal conduct in accordance with section 35-50-1-2, (2) when imposing an additional fixed term to an habitual offender under section 35-50-2-8, and (3) when imposing an additional fixed term to a repeat sexual offender under section 35-50-2-14. In each of these three circumstances, "a court is required to use the appropriate advisory sentence in imposing a consecutive or an additional term." I.C. § 35-50-2-1.3(c).

We do not agree that subsection 1.3(c) represents a general requirement that a consecutive sentence be for the advisory term. In each of these three subsections of subsection 1.3(c), the function of the advisory sentence is qualitatively different from its function in most sentencing statutes. Until the 2005 amendments, the episode statute, habitual offender enhancement

---

[3] Several cases decided after Robertson have reached the opposite result on this issue. See, e.g., Geiger v. State, 866 N.E.2d 830 (Ind. Ct. App. 2007); Dixson v. State, 865 N.E.2d 704 (Ind. Ct. App. 2007); Luhrsen v. State, 864 N.E.2d 452 (Ind. Ct. App. 2007); Barber v. State, 863 N.E.2d 1199 (Ind. Ct. App. 2007).

statute, and repeat sexual offender enhancement statute all referred to the old "presumptive" sentences, not to set a presumptive sentence within a range, but rather to establish a fixed maximum sentence by referring to the presumptive sentence.  In these circumstances, it is appropriate to mandate the "use" of a fixed sentence, and subsection 1.3(c) preserved this in the 2005 amendments by stating that advisory sentences are to be used in these limited circumstances.  Because the 2005 legislation abolished presumptive sentences, the episode and habitual offender maximum sentences could no longer be calculated by reference to presumptive sentences.  But by substituting advisory sentencing, there was no intent to alter the maximum sentence for an episode or repeat offender.  Robertson's reading of subsection 1.3(c) is that it restricted the ability of trial courts to impose enhanced or reduced consecutive sentences.  We conclude that subsection 1.3(c) did no more than retain the fixed maximum sentences permissible under the episode and repeat offender provisions.  The recent amendment to section 1.3, which became effective July 1, 2007, confirms that the previous version of the statute was not meant to impose additional restrictions on a trial court's ability to impose consecutive sentences.  P.L. 178-2007, § 4.[4]

---

[4] The current version of section 35-50-2-1.3 reads

> Sec. 1.3. (a) For purposes of sections 3 through 7 of this chapter, "advisory sentence" means a guideline sentence that the court may voluntarily consider as the midpoint between the maximum sentence and the minimum sentence.
>
> (b) Except as provided in subsection (c), a court is not required to use an advisory sentence.
>
> (c) In imposing:
>
> (1) consecutive sentences *for felony convictions that are not crimes of violence (as defined in IC 35-50-1-2(a)) arising out of an episode of criminal conduct,* in accordance with IC 35-50-1-2;
>
> (2) an additional fixed term to an habitual offender under section 8 of this chapter; or
>
> (3) an additional fixed term to a repeat sexual offender under section 14 of this chapter;
>
> a court is required to use the appropriate advisory sentence in imposing a consecutive sentence or an additional fixed term. However, the court is not required to use the advisory sentence in imposing the sentence for the underlying offense.
>
> *(d) This section does not require a court to use an advisory sentence in imposing consecutive sentences for felony convictions that do not arise out of an episode of criminal conduct.*

Finally, the reference in subsection 1.3(c) to "the underlying offense" is meaningful only as to the repeat offender sentencing enhancements found in subsections (c)(2) and (c)(3). It is simply inapplicable to subsection (c)(1) dealing with the episode limitation because there is no "underlying offense" in the episode calculation. See Barber, 863 N.E.2d at 1212 (describing various problems when the term "underlying offense" is applied to subsection (c)(1)).

In sum, the trial court was not required to impose the "advisory" sentence for a class D felony when sentencing Robertson to a consecutive term. Rather, that sentence is governed by the provision in subsection 1.3(b) that the court is not required to use an advisory sentence.

## II. Robertson's Blakely Claim

Because the Court of Appeals held that Robertson's enhanced and consecutive sentence violated section 35-50-2-1.3, it did not address Robertson's Blakely claim. Robertson argues the trial court considered improper aggravators in violation of Blakely when enhancing his sentence. Under Blakely a trial court may not enhance a sentence based on additional facts, unless those facts are either (1) a prior conviction; (2) facts found by a jury beyond a reasonable doubt; (3) facts admitted by the defendant; or (4) facts found by the sentencing judge after the defendant has waived Apprendi rights and consented to judicial factfinding. See Trusley v. State, 829 N.E.2d 923, 925 (Ind. 2005) (citing Blakely, 542 U.S. at 310). Although Robertson was sentenced after the amendments to Indiana's sentencing scheme, his offense occurred before the amendments were effective so the pre-Blakely sentencing scheme applies to Robertson's sentence. See Gutermuth v. State, 868 N.E.2d 427, 432 n.4. (Ind. 2007). Robertson concedes that it was permissible for the trial court to consider his prior conviction when enhancing his sentence, but he argues that the trial court wrongly considered a probation violation that occurred after the present crime, his fugitive status in the present case, and his subsequent arrests and charges. The State concedes that the trial court appears to have considered Robertson's subsequent probation and bond violation as part of Robertson's criminal history but states that it is unclear whether the court considered Robertson's subsequent arrests and charges.

It is unclear from the sentencing hearing transcript exactly what the trial court used to enhance Robertson's sentence. The trial court noted that under Blakely it was "restrained to the criminal history," but it did not specify what it considered Robertson's criminal history to be.

The trial court plainly could have properly considered Robertson's prior conviction for possession of methamphetamine as an aggravating factor.[5]  Trusley, 829 N.E.2d at 925.  However, Blakely prohibits enhancement based on Robertson's subsequent arrests and charges that had not yet resulted in convictions.  Williams v. State, 840 N.E.2d 433, 438 (Ind. Ct. App. 2006); see also Burks v. State, 838 N.E.2d 510, 525 (Ind. Ct. App. 2005).  The State argues that Robertson's probation violation and bond violation are proper aggravators under our reasoning in Ryle v. State, 842 N.E.2d 320, 323–35 (Ind. 2005).  In Ryle we held that the trial court could properly enhance a sentence based on the fact that a defendant was on probation at the time of the instant offense without violating Blakely if that finding "rested on prior judicial records as reflected in the presentence investigation report prepared by the probation officer."  Id. at 325.  Although Robertson's probation violation occurred after the instant offense, the reasoning in Ryle applies equally to Robertson's case.  Because Robertson's subsequent probation violation was included in the presentence investigation report and was based on prior judicial records, it may be found to be an aggravator.  However, because the bond violation was not mentioned in the report, it is an improper aggravator under Blakely.

Where the use of some aggravators violates Blakely and others do not, we will remand for resentencing unless we can say with confidence that the trial court would have imposed the same sentence if it considered only the proper aggravators.  McCann v. State, 749 N.E.2d 1116, 1121 (Ind. 2001) (citing Wooley v. State, 716 N.E.2d 919, 933 (Ind. 1999); Angleton v. State, 686 N.E.2d 803, 817 (Ind. 1997)).  Given that Robertson had one prior conviction and one probation violation that occurred within two years of his offense, we conclude that the trial court would have imposed the same sentence based solely on these permissible aggravating factors.  The trial court did not err in enhancing Robertson's sentence.

---

[5] Robertson's case presents an unusual timeline of events.  Prior convictions are usually prior to the offense.  In this case, however, because there was a three-year period between Robertson's offense and his sentencing, Robertson's methamphetamine conviction occurred after the offense but prior to the sentencing.  We think this has no consequence for Blakely purposes.

## Conclusion

We summarily affirm the decision of the Court of Appeals finding that the evidence was sufficient for a jury to conclude that Robertson committed the theft. Ind. Appellate Rule 58(A). The conviction and sentence are affirmed.

Shepard, C.J., and Dickson, Sullivan, and Rucker, JJ., concur.