**Jamie L. FREYN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 03A01–0704–CR–191.**

Court of Appeals of Indiana.

April 22, 2008.

Aaron J. Edwards, Columbus, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Arthur Rodriguez II, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

*STATEMENT OF THE CASE*

Appellant–Defendant, Jamie L. Freyn (Freyn), appeals his sentence for domestic battery, as a Class D felony, Ind.Code § 35–42–2–1.3.

We affirm.

---

## ISSUE

Freyn presents one issue, which we restate as: Whether the trial court erred by imposing a sentence for domestic battery, as a Class D felony, which exceeded the advisory for a Class D felony and which was to run consecutive to other sentences.

## FACTS AND PROCEDURAL HISTORY

On March 5, 2006, Freyn and his wife were involved in an argument in Bartholomew County, Indiana, and Freyn hit his wife with a bottle and a screwdriver. Then, on July 5, 2006, Freyn and his wife were again arguing when Freyn grabbed his wife and forced her into their bedroom. He then slapped her in the face causing her nose to bleed. Freyn's wife left the house with their seven-year-old son. When they returned Freyn had a large knife, and threatened to hurt his wife or himself if she called the police. A struggle ensued, and Freyn's wife pushed him away and called the police. Freyn then fled, but was eventually apprehended and arrested by Officers of the Columbus Police Department.

On July 29, 2006, the State filed an Information, charging Freyn with seven Counts: Count I, intimidation, as a Class C felony, I.C. § 35–45–2–1(a)(1); Count II, domestic battery, as a Class D felony, I.C. § 35–42–2–1.3; Count III, criminal confinement, as a Class D felony, I.C. § 35–42–3–3; Count IV, resisting law enforcement, as a Class A misdemeanor, I.C. § 35–44–3–3; Count V, battery resulting in bodily injury, as a Class A misdemeanor, I.C. § 35–42–2–1; Count VI, domestic battery, as a Class A misdemeanor, I.C. § 35–42–2–1.3; and Count VII, battery resulting in bodily injury, as a Class A misdemeanor, I.C. § 35–42–2–1. On January 8, 2007, Freyn pled guilty to Count II, domestic battery, as a Class D felony, and Count VI, domestic battery, as a Class A misdemeanor. On April 17, 2007, the trial court imposed a two-and-one-half-year sentence for Count II, domestic battery, and a one-year sentence for Count VI, domestic battery, to be served consecutively to each other and consecutive to Freyn's sentence for his prior conviction for operating a motor vehicle while privileges are forfeited for life, a Class C felony, I.C. § 9–30–10–17.

Freyn now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

Freyn argues that the trial court erred by sentencing him to a two-and-one-half-year sentence for Count II, domestic battery, as a Class D felony. Specifically, Freyn contends that a consecutive sentence beyond the advisory is prohibited by Indiana Code § 35–50–2–1.3, citing *Robertson v. State*, 860 N.E.2d 621 (Ind.Ct.App. 2007), *trans. granted, vacated by Robertson v. State*, 871 N.E.2d 280 (Ind.2007).

First, we note that Freyn challenges the imposition of a sentence for his conviction for a Class D felony. Indiana Code section 35–50–2–7 sets the advisory sentence for a Class D felony at one and one-half years, with a minimum term of six months, and a maximum term of three years. By sentencing Freyn to two and one-half years, the trial court sentenced Freyn to a sentence one year in excess of the advisory sentence.

Since Freyn filed his Appellant's Brief, our supreme court has overruled our decision in *Robertson* by explaining that a trial court is not limited to imposing the advisory sentence when imposing a consecutive sentence, unless (1) the consecutive sentence is imposed for nonviolent felony convictions arising out of a single episode of criminal conduct in accordance with Indiana Code section 35–50–1–2, (2) the

consecutive sentence is an additional fixed term to an habitual offender under Indiana Code section 35–50–2–8, or (3) the consecutive sentence is an additional fixed term to a repeat sexual offender under Indiana Code section 35–50–2–14. *Robertson,* 871 N.E.2d at 285 (citing I.C. § 35–50–2–1.3(c)). Freyn does not allege that any of these three exceptions apply requiring the trial court's imposition of the advisory sentence. Therefore, we conclude that Indiana Code section 35–50–2–1.3 did not prohibit the trial court's imposition of a consecutive sentence in excess of the advisory for Freyn's conviction for domestic battery, as a Class D felony.

## *CONCLUSION*

For the foregoing reasons, we conclude that the trial court did not err when imposing a consecutive sentence in excess of the advisory term.

Affirmed.

BAKER, C.J., and ROBB, J., concur.