# FOR PUBLICATION



FILED
Jan 23 2015, 9:49 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KIMMERLY A. KLEE**
Greenwood, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DORVAE BARNETT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1404-CR-283 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

### APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Mark Stoner, Judge
Cause No. 49G06-1303-MR-19927

**January 23, 2015**

**OPINION – FOR PUBLICATION**

**MAY, Judge**

Dorvae Barnett appeals the five-year enhancement of his sentence for Class C felony reckless homicide[1] based on Barnett's knowing use a firearm in the commission of that crime.[2] Barnett presents two issues, which we restate as:

1.  Whether the finding Barnett used a firearm was erroneous as a factual matter; and

2.  Whether the finding that he used a firearm was improper as a matter of law.

We affirm.

**FACTS AND PROCEDURAL HISTORY**

On March 23, 2013, Barnett planned to attend a birthday party with his cousin, James Chatman. As Barnett got ready for the party, Chatman noticed Barnett's revolver and asked to borrow it for the night. Barnett permitted him to do so.

A few hours later, the two men began to argue and shove one another. The revolver fell out of Chatman's pants, and Barnett picked it up. Barnett entered the driver's seat of his girlfriend's car and placed the gun on his lap. Chatman reached in the car, grabbed the gun, and pointed it at Barnett's face. Barnett grabbed Chatman's hand, twisting Chatman's wrist to point the gun away from himself, and then the gun fired, shooting Chatman in the face. Chatman died at the scene.

The State charged Barnett with murder and requested Barnett's sentence be enhanced by five years because he knowingly used a firearm in the commission of the crime. In the

---

[1] Ind. Code § 35-42-1-5 (2012) (reckless homicide).
[2] Ind. Code § 35-50-2-11 (permitting five-year enhancement if defendant "knowingly or intentionally used a firearm in the commission of the offense").

first half of a bifurcated trial, a jury found Barnett not guilty of murder, but guilty of the lesser included offense of Class C felony reckless homicide. Barnett then waived his right to a jury trial on the sentencing enhancement for using a firearm. The trial court found he knowingly used a firearm in the commission of reckless homicide. It imposed a twelve-year sentence, which included seven years for the underlying Class C felony and five years for the firearm enhancement.

## DISCUSSION AND DECISION

1.      Factual Arguments

Barnett first alleges the evidence is insufficient to support his convictions.[3]   Our standard for reviewing such claims is well settled:

> When we review the sufficiency of the evidence to support a criminal conviction, we consider only the probative evidence and reasonable inferences therefrom supporting the verdict. We neither reweigh the evidence nor assess witness credibility. And unless no reasonable fact-finder could conclude the elements of the crime were proven beyond a reasonable doubt, we will affirm the conviction. That is, we will hold the evidence sufficient 'if an inference may reasonably be drawn from it to support the verdict.'

*Buelna v. State*, 20 N.E.3d 137, 141 (Ind. 2014) (citations omitted).

Barnett wishes us to hold the facts herein could not support finding both that he knowingly used a firearm and that he recklessly killed Chatman. *See* Ind. Code § 35-42-1-5 (Class C felony reckless homicide occurs when a person "recklessly kills another human

---

[3] Within this argument, Barnett also asserts: "The trial court's ruling on the sentence enhancement is in conflict with the jury's verdict, where the jury had previously rejected the State's argument that Barnett knowingly killed Chatman by shooting a deadly weapon." (Appellant's Br. at 8.) We may not address an allegation that verdicts conflict with one another; "verdicts in criminal cases are not subject to appellate review on grounds that they are inconsistent, contradictory or irreconcilable." *Beattie v. State*, 924 N.E.2d 643, 649 (Ind. 2010). Thus, we address only Barnett's allegation that the evidence is insufficient.

3

being"); *and see* Ind. Code § 35-50-2-11 (permitting court to enhance sentence if defendant "knowingly or intentionally used a firearm in the commission of the offense"). However, as Barnett himself notes, we rejected that factual argument in *Cooper v. State*, 940 N.E.2d 1210 (Ind. Ct. App. 2011), *reh'g denied*, *trans. denied.*

> In essence, Cooper's challenge to the sufficiency of the evidence is that the offense of reckless homicide only requires the State to prove that he acted recklessly, while the firearm enhancement requires proof of intentional or knowing conduct. However it is clear that while the State must prove that Cooper's reckless act caused the death of Gelinas in the first instance, it was required to prove that Cooper knowingly or intentionally used a firearm to commit a reckless act.
>
> In this case, the evidence demonstrated that Cooper purchased a shotgun and shells, armed himself with the gun, and loaded it. He then drove to Gelinas's residence and exited the vehicle with the gun in his possession. Thereafter, Cooper intentionally confronted Gelinas, allegedly intending only to "scare the sh\*t out of him." However, as the two wrestled, Cooper apparently discharged the shotgun that resulted in Gelinas's death.
>
> From this evidence, it was reasonable for the jury to conclude that Cooper's use of the shotgun was intentional, even if the actual killing resulted from reckless conduct. In other words, Cooper intentionally used the shotgun and recklessly discharged it, causing Gelinas's death. As a result, Cooper's argument that the evidence was insufficient to support the enhancement is unavailing.

*Id*. at 1213-14 (record citations omitted). We find no merit in Barnett's claim that his facts are sufficiently different from those in *Cooper* to require a different result. Although Cooper intentionally brought his shotgun to Gelinas' house, there is no doubt that Barnett knew his handgun was at the party, as he is the one who permitted Chatman to carry the weapon to the scene. When the gun fell out of Chatman's pants as Barnett and Chatman fought in the parking lot, Barnett picked up the gun, sat in his girlfriend's car, and placed the gun on his lap; that evidence is sufficient to show Barnett's knowing use of a handgun. That Chatman

4

died from a gunshot wound inflicted as Barnett and Chatman struggled for control of Barnett's gun was sufficient to prove reckless homicide. *See id.* (affirming conviction of reckless homicide where shotgun discharged as two men wrestled for it). The evidence was sufficient to support his conviction and the sentence enhancement.

### 2. Waiver of Trial by Jury

After the jury found Barnett guilty of Class C felony reckless homicide, he waived his right to have a jury decide whether the facts supported the sentencing enhancement premised on his knowing or intentional use of a firearm in the commission of the offense. The court discussed the waiver with him. Barnett confirmed he understood his right to have a jury hear and decide whether he committed facts permitting the sentencing enhancement. He testified he had not been forced to sign the waiver, he had not been offered anything of value to convince him to sign it, and he was waiving his right to a jury trial of his "own free will." (Tr. at 487.) The court found Barnett made "a knowing, voluntary and intelligent waiver of his right to a trial by jury on the Firearm Sentencing Enhancement . . . ." (*Id.*)

Barnett now claims that waiver violated his Sixth Amendment right to a jury trial, as explained in *Blakely v. Washington*, 542 U.S. 296 (2004), and *Smylie v. State*, 823 N.E.2d 679 (Ind. 2005), and he asserts "the language of Ind. Code § 35-50-2-11 precluded Barnett's waiver of jury" for the sentence enhancement.[4] (Appellant's Br. at 13.)

---

[4] The pertinent statutory language provides:
> If the person was convicted of the offense in a jury trial, the jury shall reconvene to hear evidence in the enhancement hearing. If the trial was to the court, or the judgment was entered on a guilty plea, the court alone shall hear evidence in the enhancement hearing.

Ind. Code § 35-50-2-11(d).

Barnett invited any error. "Invited error" is a doctrine based in estoppel that prohibits a party from taking advantage of any error that party committed or invited, or that was "the natural consequence of his own neglect or misconduct." *Brewington v. State*, 7 N.E.3d 946, 975 (Ind. 2014), *reh'g denied*, *petition for cert. pending*. "[E]ven constitutional errors may be invited." *Id*. at 977. Barnett's knowing and intelligent waiver of his right to jury trial as to the facts underlying the sentence enhancement invited any possible statutory or constitutional violation that could have occurred therein and are not grounds for reversal of his sentence.

Nonetheless, we briefly note his waiver did not violate his Sixth Amendment right to a jury under *Blakely*, *see Robertson v. State*, 871 N.E.2d 280, 286 (Ind. 2007) ("[u]nder *Blakely* a trial court may not enhance a sentence based on additional facts, unless those facts are . . . (4) facts found by the sentencing judge after the defendant has waived *Apprendi* rights and consented to judicial factfinding."), nor the language of the controlling statute, *see Gonzalez v. State*, 757 N.E.2d 202 (Ind. Ct. App. 2005) (affirming defendant's ability to knowingly and intelligently waive right to jury trial for habitual offender enhancement under Ind. Code § 35-50-2-8, which also provides the trial "shall" be to a jury when a jury convicted the person of a felony), *trans. denied*.

## CONCLUSION

As we find merit in none of Barnett's arguments, we affirm his conviction and sentence enhancement.

Affirmed.

6

VAIDIK, C.J., and FRIEDLANDER, J., concur.