## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 17 2016, 8:59 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Robert L. Scott
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Robert Lee Scott,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 17, 2016

Court of Appeals Case No.
79A02-1510-CR-1799

Appeal from the Tippecanoe
Superior Court

The Honorable Randy J. Williams

Trial Court Cause No.
79D01-1507-FB-6

**Mathias, Judge.**

[1]    The Tippecanoe Superior Court denied the motion to correct erroneous sentence filed by Robert Lee Scott ("Scott"). Scott appeals and presents one issue for our review, which we restate as whether Scott's sentence is in

conformity with the restrictions placed on consecutive sentences by Indiana Code section 35-50-2-1.3. Concluding that Scott's claim of sentencing error requires reference to matters outside the record and is therefore not properly presented in a motion to correct erroneous sentence, we affirm.

## Facts and Procedural History

[2] At a bifurcated trial held on October 8 and 9, 2008, Scott was convicted of Class C felony battery with a deadly weapon, Class D felony pointing a firearm, Class A misdemeanor resisting law enforcement, and two counts of Class B felony possession of a firearm by a serious violent felon. The trial court sentenced Scott as follows: on the Class C felony conviction, eight years; on the Class D felony conviction, three years; on the Class A misdemeanor conviction, one year; and on the two Class B felony convictions, twenty years each. The trial court ordered the sentences on the Class C and D felonies to be served concurrently to each other but consecutive to the remaining counts. The trial court also ordered the sentences on the two Class B felonies to be served concurrently but consecutive to the other counts. Thus, Scott was sentenced to an aggregate term of twenty-nine years.

[3] On direct appeal, this court affirmed all of Scott's convictions save the conviction for Class D felony pointing a firearm, which we reversed due to instructional error. *Scott v. State*, 924 N.E.2d 169, 176-77 (Ind. Ct. App. 2010), *trans. denied*. This, however, did not affect Scott's aggregate sentence because the sentence on this count was concurrent with the sentence on the class C felony conviction.

On June 19, 2015, Scott filed a motion to correct erroneous sentence. The State responded to Scott's motion on July 7, 2015, and the trial court denied Scott's motion on October 28, 2015. Scott now appeals.

## Discussion and Decision

Scott appeals the denial of his motion to correct erroneous sentence. A defendant may file a motion to correct erroneous sentence pursuant to Indiana Code section 35-38-1-15,[1] which provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

The purpose of this statute "is to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence." *Robinson v. State*, 805 N.E.2d 783, 785 (Ind. 2004) (citation omitted). A motion to correct erroneous sentence is appropriate only when the sentencing error is "clear from the face of the judgment imposing the sentence in light of the statutory authority." *Id.* at 787. Claims that require consideration of the

---

[1] We refer to the sentencing statutes in effect at the time that Scott committed his crimes. *See Robertson v. State*, 871 N.E.2d 280, 284 (Ind. 2007) (noting that trial courts sentence a defendant under the sentencing statutes in effect at the time the defendant committed the offense).

proceedings before, during, or after trial may not be presented by way of a motion to correct erroneous sentence. *Davis v. State*, 937 N.E.2d 8, 11 (Ind. Ct. App. 2010), *trans. denied*. Such claims should instead be addressed on direct appeal or through post-conviction relief. *Robinson*, 805 N.E.2d at 787. A motion to correct erroneous sentence is a narrow remedy, and a reviewing court will strictly apply the requirement of a facially erroneous sentence. *Id.*

[7] Scott contends that the sentence imposed by the trial court was contrary to the statutory mandate of Indiana Code section 35-50-2-1.3(c)(1). The version of this section in effect at the time Scott committed his crimes provided:

> (a) For purposes of sections 3 through 7 of this chapter, "advisory sentence" means a guideline sentence that the court may voluntarily consider as the midpoint between the maximum sentence and the minimum sentence.
>
> (b) Except as provided in subsection (c), a court is not required to use an advisory sentence.
>
> (c) *In imposing:*
>
> > (1) *consecutive sentences for felony convictions that are not crimes of violence (as defined in IC 35-50-1-2(a)) arising out of an episode of criminal conduct, in accordance with IC 35-50-1-2;*
> >
> > (2) an additional fixed term to an habitual offender under section 8 of this chapter; or
> >
> > (3) an additional fixed term to a repeat sexual offender under section 14 of this chapter;
>
> *a court is required to use the appropriate advisory sentence in imposing a consecutive sentence or an additional fixed term. However, the court is not required to use the advisory sentence in imposing the sentence for the underlying offense.*

(d) This section does not require a court to use an advisory sentence in imposing consecutive sentences for felony convictions that do not arise out of an episode of criminal conduct.

Ind. Code § 35-50-2-1.3 (2007) (emphases added). Scott claims that subsection 1.3(c)(1) is applicable to him and that the trial court was therefore "required to use the advisory sentence in imposing the sentence for the underlying offense."

[8] To address Scott's claim, however, we have to determine at least two things: (1) whether Scott's crimes were among the statutorily defined crimes of violence, and (2) whether his convictions arose out of an episode of criminal conduct. Scott argues that we can determine from the face of the sentencing order that none of his convictions were "crimes of violence" as defined by Indiana Code section 35-50-1-2(a) as it existed at the time of his crimes.

[9] While Scott's first contention is arguably true, we cannot determine whether Scott's crimes arose out of an episode of criminal conduct without looking outside the face of the sentencing order. The fact that Scott's crimes were all charged under one cause number is not dispositive of whether his crimes arose out of an episode of criminal conduct. In determining whether multiple offenses constitute one episode of criminal conduct, we must look to the timing of the offenses and the simultaneous and contemporary nature, if any, of the crimes. *Slone v. State*, 11 N.E.3d 969, 972 (Ind. Ct. App. 2014) (citing *Reed v. State*, 856 N.E.2d 1189, 1200 (Ind. 2006)). We can obtain additional guidance on the question by considering whether the alleged conduct was so closely related in

time, place, and circumstance that a complete account of one charge cannot be related without referring to the details of the other charge. *Id.*

[10] We cannot consider any of these factors without looking at the facts and circumstances underlying Scott's convictions. In other words, we cannot conclude from the face of the sentencing order and the relevant statutory authority that Scott's sentence is erroneous. Accordingly, a motion to correct erroneous sentence is not the appropriate vehicle to present Scott's claims of sentencing error. *See Davis*, 937 N.E.2d at 11; *Robinson*, 805 N.E.2d at 787. For this reason, the trial court properly denied Scott's motion to correct erroneous sentence.

[11] Even if a motion to correct erroneous sentence were the proper vehicle for Scott's current claim of sentencing error, he would not prevail, for even if we assume that his crimes were not crimes of violence and arose out of an episode of criminal conduct, his sentence is not erroneous.

[12] Scott reads Indiana Code section 35-50-2-1.3(c)(1) to mean that the trial court was required to impose the advisory sentence if it also chose to sentence him to consecutive sentences. This argument was rejected by our supreme court in *Robertson v. State*, 871 N.E.2d 280 (Ind. 2009). In that case, the court held that section 35-50-2-1.3 "was not meant to impose additional restrictions on a trial court's ability to impose consecutive sentences." *Id.* at 285-86. Instead, this section does no more than "retain the fixed maximum sentences permissible

under the episode [of criminal conduct] . . . provision[]" of Indiana Code section 35-50-2-1. *Id.* at 285.

[13] Thus, as interpreted in *Robertson*, Indiana Code section 35-50-2-1.3(c) means that when a court is imposing consecutive sentences under Indiana Code Section 35-50-2-1, the court must "use" the advisory sentence in determining the statutory cap placed on consecutive sentences for crimes which are not crimes of violence and which arise out of an episode of criminal conduct. Pursuant to Indiana Code section 35-50-2-1(c), the total of such consecutive sentences "shall not exceed the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted."

[14] Here, the most serious of the felonies for which Scott was convicted was Class B felony possession of a firearm by a serious violent felon. The class of felony which is one class higher than this is an A felony, for which the advisory sentence is thirty years. *See* Ind. Code § 35-50-2-4. Thus, the total of Scott's consecutive sentences could not exceed thirty years. Scott was sentenced to an aggregate of twenty-nine years, which is one year less than the statutory limit. Therefore, even if we were to review Scott's claim of sentencing error on the merits, his claim would not succeed.

## Conclusion

[15] The trial court properly denied Scott's motion to correct erroneous sentence because his claim of sentencing error requires consideration of matters outside

the face of the sentencing order. Furthermore, even if we considered Scott's claims on the merits, he would not prevail because his aggregate sentence did not exceed the advisory sentence for the next highest class of felony.

[16] Affirmed.

Kirsch, J., and Brown, J., concur.