## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 28 2017, 9:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Karen M. Heard
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christopher D. Berry, *Appellant-Defendant,* | July 28, 2017 |
| v. | Court of Appeals Case No. 82A01-1611-CR-2695 |
| | Appeal from the Vanderburgh Circuit Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Kelli Fink, Magistrate |
| | Trial Court Cause No. 82C01-1508-F5-4719 |

**Barnes, Judge.**

## Case Summary

[1] Christopher D. Berry appeals his sentence for Level 6 felony intimidation and Class A misdemeanor conversion. We affirm.

## Issues

[2] Berry raises two issues on appeal, which we restate as:

I. whether the trial court abused its discretion by imposing a three-year sentence; and

II. whether the trial court's sentence was inappropriate in light of the nature of the offense and the character of the offender.

## Facts

[3] On August 5, 2015, De'Shawna Brown was dating Berry, and had recently gotten into an altercation with another woman he was also dating. After the altercation she went to find Berry to speak with him. When she located Berry, he walked away from her and into a nearby alley. Brown followed him and when she caught up with him he pulled a handgun, pointed it at her leg, and threatened to kill her. As Brown was on the phone with a 911 dispatcher, she observed Berry drop the gun in a trashcan nearby. When officers arrived, they recovered the gun, which turned out to be stolen.

[4] On August 7, 2015, Berry was charged with Level 5 felony intimidation, Level 6 felony theft of a firearm, and Class A misdemeanor carrying a handgun without a license. On November 10, 2015, Berry pled guilty to Level 5 felony intimidation and Class A misdemeanor conversion. On the same day, a pretrial

diversion agreement was filed. A sentencing hearing was held on November 25, 2015. During the hearing, the trial court accepted Berry's plea and ordered Berry to successfully complete the terms of the pretrial diversion program. If Berry competed the program successfully, his case would be dismissed. Pursuant to the agreement, Berry was required to obey all laws.

While participating in the pretrial diversion program, Berry was charged and convicted in a separate criminal proceeding with carrying a handgun without a license. Because Berry had violated the terms of the pretrial diversion agreement by being convicted of another crime, the State, on May 16, 2016, filed a motion to set a hearing for final judgment in his intimidation and conversion case. The trial court granted the State's motion and set a hearing for August 30, 2016. On that day, the trial court entered convictions for Level 5 felony intimidation and Class A misdemeanor conversion, and then proceeded to sentence Berry. The trial court found mitigating the fact that Berry pled guilty and accepted responsibility for his crimes. It found as aggravators Berry's previous juvenile adjudication and recent conviction for carrying a handgun without a license. The trial court sentenced Berry to three years for intimidation, with 182 days executed in the Department of Correction ("DOC") and the rest suspended to probation, and a concurrent sentence of 182 days for conversion. The trial court denied Berry's motion to correct error, and he now appeals.

## Analysis

### I. *Abuse of Discretion*

[6] Berry argues that the trial court abused its discretion when it "used [his] misdemeanor to 1) revoke him from the pretrial diversion program; 2) enter the conviction on the felony; and 3) enhance his sentence." Appellant's Br. p. 8. Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State,* 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.* Indiana Code Section 35-38-1-7.1(a) provides in part, "in determining what sentence to impose for a crime, a court may consider the following aggravating circumstance: . . . (2) [t]he person has a history of criminal or delinquent behavior." The trial court may also consider whether, "[t]he person has recently violated the conditions of any probation … or pretrial release granted to the person." *See* Ind. Code § 35-38-1-7.1(a)(6). A trial court may consider any offense in a defendant's criminal history so long as those records are reflected in the presentencing investigation report. *See Robertson v. State,* 871 N.E.2d 280, 287 (Ind. 2007). If a new offense was committed after the instant offense, but prior to sentencing, the court may properly consider such offense as an aggravating circumstance. *Id.*

[7] A trial court does not have an obligation to properly weigh aggravating and mitigating factors against each other. *Anglemyer,* 868 N.E.2d at 491. Therefore, a trial court cannot be said to have abused its discretion by failing to weigh such factors. *Id.* Once a trial court has issued a sentencing statement it may then impose any sentence that is authorized by statute. *Id*.

[8] Berry argues that once the trial court revoked his pretrial diversion agreement, pursuant to his conviction for carrying a handgun without a license, it was not then allowed to consider the conviction as an aggravating circumstance in determining the appropriate sentence for his current conviction. He essentially argues that this action would be "double aggravation." We disagree.

[9] Berry violated the terms of the agreement when he was convicted of carrying a handgun without a license. The trial court used the conviction to determine that Berry failed to complete the diversion program and revoke him from the program, and then found the same conviction to be an aggravating circumstance when deciding the sentence it imposed on his guilty plea. It did not abuse its discretion in doing so, especially since it imposed concurrent sentences. *See, Pedraza v. State,* 887 N.E.2d 77 (Ind. 2008) (holding that a trial court may use a single prior conviction as both an element to convict defendant of an enhanced crime and as an aggravating circumstance to enhance the sentence imposed, but it cannot be used to support consecutive sentences).

## II. *Appropriateness of Sentence*

[10] Berry argues that the sentence imposed was inappropriate in light of the nature of the offense and his character. We determine whether Berry's sentence is inappropriate under Indiana Appellate Rule 7(B). *See Anglemyer*, 868 N.E.2d at 491. Although Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also understand and recognize the unique perspective a trial court brings to its

sentencing decisions. *Id.* "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." *Id.*

[11] The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. *Id.* at 1224. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

[12] The advisory sentence is the starting point to determine the appropriateness of the sentence. *See Anglemyer,* 868 N.E.2d at 494. Pursuant to Ind. Code § 35-50-2-6 (b), "a person who commits a Level 5 felony shall be imprisoned for a fixed term of between one and six years, with the advisory sentence being three years." A person convicted of a Class A misdemeanor "shall be imprisoned for a fixed term of not more than one year." *See* Ind. Code § 35-50-3-2. Here, Berry received concurrent sentences of three years on the felony charge and six

months on the misdemeanor charge, executed in the DOC, with two-and-one-half years suspended to probation on the felony charge.[1]

[13] Regarding the nature of the offense, Berry concedes that the nature of the crime was serious. Berry pointed a loaded gun at the victim in this case and threatened to kill her. Also, the gun was stolen. The nature of the offense does not warrant a sentence reduction.

[14] Our review of the character of the offender reveals that Berry has a prior juvenile conviction for dealing in marijuana. While in a pretrial diversion program for threatening someone with a stolen, unlicensed handgun, Berry again was caught carrying an unlicensed handgun. Clearly, this second event speaks to Berry's bad character.

[15] After considering the nature of the offense and Berry's character, we cannot conclude that his sentence is inappropriate. This is especially true in light of the fact that the trial court showed leniency by suspending two-and-one-half years of Berry's three-year sentence.[2]

## Conclusion

---

[1] Berry incorrectly argues that he received a sentence above the advisory for a Level 5 felony.

[2] Berry also argues that the trial court failed to consider his "limited" criminal history and that the presentence investigation report indicated Berry was unlikely to reoffend as mitigators. Appellant's Br. p. 13. This argument is waived because it falls under an abuse of discretion analysis, which Berry does not fully develop. Under an inappropriate sentence analysis we only consider the nature of the offense and the character of the offender. *See King v. State,* 894 N.E.2d 265, 267 (Ind. Ct. App. 2008).

[16] The trial court did not abuse its discretion in sentencing Berry. Also, the trial court did not impose an inappropriate sentence in light of the nature of the offenses and Berry's character. We affirm.

[17] Affirmed.

Baker, J., and Crone, J., concur.