Tommy Lee OLIVE, Defendant–
Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 71S00–9705–CR–300.

Supreme Court of Indiana.

June 11, 1998.

William P. Stanley, South Bend, for Defendant–Appellant.

Jeffrey A. Modisett, Attorney General, Rachel Zaffrann, Deputy Attorney General, Indianapolis, for Plaintiff–Appellee.

DICKSON, Justice.

Following a bench trial, the defendant, Tommy Lee Olive, was convicted of the August 25, 1995, murder of Rolisa Wood in South Bend, Indiana. In this direct appeal, he contends that the evidence is insufficient to prove murder and, alternatively, that he should have been convicted only of voluntary manslaughter.

A claim of insufficient evidence will prevail if, considering the probative evidence

and inferences favorable to the judgment, and without weighing evidence or assessing credibility, the reviewing court finds that no reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. *Case v. State,* 458 N.E.2d 223, 226 (Ind.1984); *Loyd v. State,* 272 Ind. 404, 407, 398 N.E.2d 1260, 1264 (1980), *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

■ The defendant's murder conviction is supported by the evidence favorable to the judgment. Seeking to purchase cocaine, the defendant met a drug supplier at a prearranged time at an apartment parking lot. Sitting in the passenger's seat of the supplier's vehicle was Rolisa Wood, whom the defendant understood would exit the car following payment and deliver the drugs. The defendant paid the supplier $7,000 and, instead of giving him the drugs, the supplier started driving away. After yelling, "man, give me my money," Record at 291, the defendant borrowed a .38 caliber semi-automatic handgun from an acquaintance and fired the weapon through the driver side rear door window of the car, killing Wood.

■ The defendant was charged with murder by knowingly killing another person. IND.CODE § 35–42–1–1 (1993). The defendant recognizes that the intent element for murder may be inferred from the use of a deadly weapon in a manner likely to cause death or serious bodily injury. *Johnson v. State,* 622 N.E.2d 172, 173 (Ind.1993). However, he argues that nothing about his behavior was calculated or planned: he came to the scene alone and unarmed and he obtained the weapon by chance from a passer-by only after seeing the dealer draw a gun. He asserts that there is no evidence refuting his testimony that he only fired at the tire to prevent the vehicle from leaving. However, in reviewing for sufficiency of evidence, we consider only the facts favorable to the judgment and do not assume that other evidence, even if arguably unrefuted, is necessarily credible.

We have found the requisite intent for a knowing killing from a defendant's firing a weapon into a trailer home at close range, aware that the victim was inside. *Champlain v. State,* 681 N.E.2d 696, 703 (Ind. 1997). Similarly, we have held that firing a gun in the direction of the victim is sufficient to infer intent. *See Owens v. State,* 544 N.E.2d 1375, 1377 (Ind.1989) ("Firing in the direction of an individual [seated in a vehicle] is substantial evidence from which a jury may infer intent to kill."); *Rhinehardt v. State,* 477 N.E.2d 89, 93 (Ind.1985) ("Discharging the gun in the direction of [the victim] is substantial evidence from which the jury could infer intent to kill, notwithstanding appellant's claim that he fired only to frighten him."), *overruled on other grounds, Stout v. State,* 528 N.E.2d 476 (Ind.1988).

The trajectory and projectile evidence presented at trial demonstrated that, although the defendant claimed to be aiming for the tires of the car, he fired the semi-automatic weapon "within about a foot of the window." Record at 131. The defendant told the police that he "thought it was [the dealer who was shot]," but later found out that he had killed the passenger. Record at 293. He claimed that he didn't "try to do it, but she shouldn't have been there. She knew what was happening. It happened to be in the wrong place, must have planned to get my money.... They planned it." Record at 301. Further, a witness testified that immediately after the defendant fired the pistol and the vehicle sped away, the defendant exchanged "high-fives" with the passer-by who gave him the gun. We find the evidence sufficient to support a conviction for murder.[1]

The defendant also argues that, if the evidence is sufficient to show intent, the trial court should have reduced the murder conviction to voluntary manslaughter because the shooting was committed while acting under sudden heat. The trial court found that, "[t]he facts presented do not justify a lesser included offense, whether reckless homicide, voluntary manslaughter, or involuntary manslaughter." Record at 8.

■ Sudden heat requires "sufficient provocation to engender ... passion." *Griffin v.*

1. Because we find the evidence sufficient to convict for murder, we do not address the defendant's contention that the evidence was sufficient to convict him only of involuntary manslaughter or reckless homicide.

*State,* 644 N.E.2d 561, 562 (Ind.1994). Sufficient provocation is demonstrated by "anger, rage, sudden resentment, or terror that is sufficient to obscure the reason of an ordinary person, prevent deliberation and premeditation, and render the defendant incapable of cool reflection." *Id.* The defendant contends that the evidence of sudden heat stems from the fact that he was involved in a "heated verbal confrontation based on a drug deal gone bad in which the dealer had confiscated $7000.00 of Olive's money and then had pointed a gun at Olive in an overtly, threatening manner." Brief of Appellant at 21.

Although it is the State's burden to disprove sudden heat once it becomes an issue, the presence of sudden heat is a question of fact to be determined by the trier of fact. *Taylor v. State,* 681 N.E.2d 1105, 1110 (Ind.1997) (citations omitted). The trial court's finding of guilt on the charge of murder and its rejection of voluntary manslaughter was a rejection of the defendant's sudden heat contention. Considering the evidence and the trial court's opportunity to judge the credibility of the witnesses, this conclusion is not clearly erroneous. Ind.Trial Rule 52(A).

The trial court is affirmed.

SHEPARD, C.J., and SULLIVAN, SELBY and BOEHM, JJ., concur.