John HAWKINS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49S00–0005–CR–298.

Supreme Court of Indiana.

May 24, 2001.

Rehearing Denied August 7, 2001.

Katherine A. Cornelius, Marion County Public Defender, Indianapolis, IN, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

RUCKER, Justice.

In the early evening hours of August 21, 1997, Rogshan Love and Steven Webber were walking along 19th and Decker Street in Indianapolis. Driving a green Chevy Caprice, John Hawkins stopped the car, pointed a shotgun out the window, fired the weapon at Love, and drove away. A later autopsy revealed that Love died as a result of multiple shotgun wounds to the neck and chest.

Hawkins was ultimately arrested and charged with Love's murder. After a trial by jury, he was convicted as charged and later sentenced by the court to the maximum term of sixty-five years imprisonment. In this direct appeal, Hawkins contends the evidence was insufficient to sustain the conviction and that he should not have received an enhanced sentence. We disagree with both contentions and therefore affirm.

### *Discussion*

#### I.

▮▮▮ For his sufficiency claim, Hawkins contends the State failed to show that he possessed the "requisite 'knowing' *mens rea* to shoot or kill Mr. Love." Br. of Appellant at 14. Hawkins is mistaken. "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." Ind.Code § 35–41–2–2(b). A knowing killing may be inferred from the use of a deadly weapon in a manner likely to cause death. *Barker v. State*, 695 N.E.2d 925, 931 (Ind.1998). Evidence that Hawkins pointed and fired a shotgun at Love striking him in the neck and chest is sufficient to sustain the murder conviction.

#### II.

Identifying four aggravating factors and three mitigating factors and determining that the aggravators outweighed the mitigators, the trial court sentenced Hawkins to a term of sixty-five years imprisonment. For the aggravators the court noted: (1) Hawkins' prior juvenile and adult criminal history; (2) that Hawkins was in need of correctional or rehabilitative treatment that could best be provided by confinement to a penal institution; (3) that imposition of a sentence below the presumptive would depreciate the seriousness of the crime; and (4) that Love's family recommended an enhanced sentence. In mitigation the court noted: (1) Hawkins' expression of remorse; and (2) that he was nineteen years of age.

Hawkins correctly asserts that the third and fourth factors are not proper aggravators. According to Hawkins, once the improper aggravators are removed from the equation "it is unclear whether the trial court would have still found the aggravating circumstances outweighed the mitigating circumstances." Br. of Appellant at 11. Hawkins argues we should either revise his sentence to the minimum time or remand for resentencing. We decline to do either.

▮▮▮ We acknowledge that the "depreciate the seriousness" aggravator is appropriate only where the trial court is considering a reduced sentence. *Georgopulos v. State*, 735 N.E.2d 1138, 1144 (Ind.2000). There is no indication in the record that the trial court was considering a reduced sentence in this case. Also, although recommendations by a victim's family may be used by the court to assist it in making a sentencing decision, the recommendations "are not mitigating or aggravating circumstances as those terms are used in the sentencing statute." *Edgecomb v. State*, 673 N.E.2d 1185, 1199 (Ind.1996). Nonetheless, a single aggravating circumstance is adequate to justify a sentence enhancement. *Georgopulos*, 735 N.E.2d at 1146; *see also Logan v. State*, 729 N.E.2d 125,

136 (Ind.2000) (declaring that several mitigating factors may be outweighed by one aggravating factor). Further, when a sentencing court applies proper aggravating circumstances along with improper aggravators, a sentence enhancement may still be upheld. *Gibson v. State*, 702 N.E.2d 707, 710 (Ind.1998). In this case, the single aggravating factor of Hawkins' prior criminal history is enough to support an enhanced sentence. The history includes an April 1995 juvenile true finding of battery that would have been a D felony if charged as an adult; a September 1995 juvenile true finding of battery, involving a stabbing, that would have been a C felony if charged as an adult; a November 1996 juvenile true finding of auto theft that would have been a D felony if charged as an adult; and a 1997 conviction as an adult for carrying a handgun without a license. R. at 427–28.

### *Conclusion*

We affirm Hawkins' conviction and sentence.

SHEPARD, C.J., and DICKSON, SULLIVAN and BOEHM, JJ., concur.