Floyd E. CARR, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 45S00–0012–CR–792.

Supreme Court of Indiana.

June 28, 2001.

Charles E. Stewart, Appellate Public Defender, Crown Point, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellees.

RUCKER, Justice.

On the evening of September 1, 1999, Otis Elmore, Joann Jones, Daniel Valdez, and others were sitting outside Elmore's East Chicago, Indiana apartment drinking beer. As Floyd Carr walked past the boisterous group, Jones made a snide remark to him. Carr told them to leave him alone and continued on his way. Carr returned a few minutes later with a gun and confronted Elmore. As Valdez grabbed Elmore's shoulder to turn him away, Carr fired one shot, striking Elmore

in the upper left back. A later autopsy revealed that Elmore died as a result of a single gunshot wound to the chest cavity.

The State charged Carr with murder. The jury convicted him as charged, and the trial court sentenced him to fifty-five years imprisonment with ten years suspended. In this direct appeal, Carr contends the evidence is insufficient to support his murder conviction. We disagree and therefore affirm.

### Discussion

 Carr contends the evidence is insufficient to support a knowing or intentional killing because "he shot his gun straight up in the air to scare Elmore, not to shoot him...." Br. of Appellant at 7. When reviewing a claim of insufficient evidence, we consider only the evidence that supports the verdict and draw all reasonable inferences therefrom. *Johnson v. State,* 743 N.E.2d 755, 757 (Ind.2001). We do not reweigh the evidence or judge the credibility of the witnesses. *Id.* We uphold a conviction if there is substantial evidence of probative value from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Id.*

A knowing or intentional killing may be inferred from the use of a deadly weapon in a manner likely to cause death. *Hawkins v. State,* 748 N.E.2d 362, 363 (Ind.2001); *Olive v. State,* 696 N.E.2d 381, 382 (Ind.1998). Further, firing a gun in the direction of the victim is sufficient to infer a knowing or intentional killing. *Hawkins,* 748 N.E.2d at 363; *Olive,* 696 N.E.2d at 382. In this case, several eyewitnesses testified that Carr returned with a gun, confronted Elmore, fired one shot, and ran away. Additionally, Valdez testified that Carr fired his gun in the direction of Elmore. R. at 243. However, Carr testified that he fired his gun straight up in the air to scare Elmore, not to shoot

him. The jury was free to disbelieve Carr's self-serving testimony, which it apparently did. The evidence is sufficient to sustain the murder conviction.

### Conclusion

We affirm the trial court.

SHEPARD, C.J., and DICKSON, SULLIVAN and BOEHM, JJ., concur.