# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 25 2015, 7:47 am

CLERK
of the supreme court,
court of appeals and
tax court

---

APPELLANT PRO SE

John A. Hawkins
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

---

IN THE
# COURT OF APPEALS OF INDIANA

---

John A. Hawkins,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

November 25, 2015

Court of Appeals Case No.
49A05-1507-CR-855

Appeal from the Marion Superior Court Criminal Division 1

The Honorable Steven J. Rubick, Magistrate

Trial Court Cause No.
49G01-9708-CF-127418

**Bailey, Judge.**

# Case Summary

[1] John A. Hawkins ("Hawkins"), *pro se*, appeals the trial court's denial of his motion to correct error, which challenged the court's denial of his motion to correct sentence. He presents the sole issue of whether the trial court erred in denying his motion to correct sentence, where the motion raised claims of error that could not be resolved on the face of the sentencing judgment alone. We affirm.

# Facts and Procedural History

[2] In 1997, Hawkins was charged with the murder of Rogshan Love. *Hawkins v. State*, 748 N.E.2d 362, 363 (Ind. 2001), *reh'g denied*. Following a jury trial, he was found guilty of murder and sentenced to the maximum term of sixty-five years imprisonment. *Id*. Our supreme court affirmed Hawkins's conviction and sentence on direct appeal. *Id.* at 364. In 2011, the trial court denied Hawkins's petition for post-conviction relief, a judgment later affirmed by this Court in an unpublished decision. *See Hawkins v. State*, No. 49A04-1108-PC-424, slip op. at 7 (Ind. Ct. App. Apr. 23, 2012), *trans. denied*.

[3] On April 27, 2015, Hawkins filed a motion to correct sentence and memorandum of law in support of the motion. The motion raised federal and state constitutional claims and challenged the trial court's identification and weighing of aggravating and mitigating circumstances. In an order dated May 13, 2015, the trial court denied the motion, finding that Hawkins's motion

"simply attempts to re-litigate issues that were addressed on direct appeal without success." (App. 24.) Hawkins then filed a motion to correct error on June 19, 2015,[1] which the trial court denied on June 23, 2015. Hawkins now appeals.

# Discussion and Decision

[4] Hawkins filed his motion to correct sentence pursuant to Indiana Code section 35-38-1-15, which provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

The purpose of Section 35-38-1-15 "'is to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence.'" *Robinson v. State*, 805 N.E.2d 783, 785 (Ind. 2004) (quoting *Gaddie v. State*, 566 N.E.2d 535, 537 (Ind.1991)).

[5] A motion to correct sentence is appropriate only when the sentence is facially erroneous. *Id.* Use of the motion is narrowly confined to claims that may be

---

[1] Though file-stamped June 19, 2015, Hawkins's motion to correct error was dated June 8, 2015.

resolved by considering only the face of the judgment of conviction and the applicable statutory authority, without reference to other matters in or extrinsic to the record. *Id.* at 787-88. A claim of sentencing error that requires consideration of matters beyond the face of the sentencing judgment may be raised only on direct appeal or through post-conviction relief proceedings. *Id.* at 787. A trial court's ruling on a motion to correct sentence is subject to appeal by normal appellate procedures. *Id.* at 786.

[6] Hawkins did not include a copy of the trial court's judgment of conviction or abstract of judgment[2] in the appendix or with his brief. Accordingly, Hawkins cannot on this record show that his sentence is facially erroneous. Moreover, Hawkins's federal and state constitutional claims, and his contentions that the trial court improperly identified and weighed aggravating and mitigating circumstances, require considerations beyond the face of the sentencing judgment. Such claims may be raised only on direct appeal or through post-conviction proceedings, not through a statutory motion to correct sentence. *Robinson*, 805 N.E.2d at 787.

[7] Affirmed.

Baker, J., and Mathias, J., concur.

---

[2] When a defendant files a motion to correct sentence in a county such as Marion that does not issue judgments of conviction, the abstract of judgment will serve as an appropriate substitute for the judgment of conviction for purposes of making the claim. *Neff v. State*, 888 N.E.2d 1249, 1251 (Ind. 2008).