## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 12 2017, 9:10 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT, PRO SE

John Anthony Hawkins
Indiana State Prison

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

John Anthony Hawkins,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 12, 2017

Court of Appeals Case No.
49A02-1703-CR-712

Appeal from the Marion Superior Court

The Honorable Kurt M. Eisgruber, Judge

Trial Court Cause No.
49G01-9708-PC-127418

**Pyle, Judge.**

# Statement of the Case

John Anthony Hawkins ("Hawkins"), pro se, appeals the trial court's order denying his second motion to correct erroneous sentence. In his motion and on appeal, he challenges the trial court's determination of the aggravating circumstances, weighing of aggravating and mitigating circumstances, and imposition of an enhanced sentence of sixty-five years without a determination of aggravating circumstances found by a jury as required by *Smylie v. State*, 823 N.E.2d 679 (Ind. 2005), *cert. denied* and *Blakely v. Washington*, 542 U.S. 296 (2004), *reh'g denied*. Because a motion to correct erroneous sentence is limited to correcting sentencing errors apparent on the face of the judgment and Hawkins raises issues outside of this context, we conclude that the trial court did not abuse its discretion by denying his motion to correct erroneous sentence.

We affirm.

# Issue

Whether the trial court abused its discretion by denying Hawkins's motion to correct erroneous sentence.

# Facts

The underlying facts and procedural history of Hawkins's case were set forth in our Court's memorandum decision affirming the denial of his first motion to correct erroneous sentence:

In 1997, Hawkins was charged with the murder of Rogshan Love. *Hawkins v. State,* 748 N.E.2d 362, 363 (Ind. 2001), *reh'g denied.* Following a jury trial, he was found guilty of murder and sentenced to the maximum term of sixty-five years imprisonment. *Id.* Our supreme court affirmed Hawkins's conviction and sentence on direct appeal.[1] *Id.* at 364. In 2011, the trial court denied Hawkins's petition for post-conviction relief, a judgment later affirmed by this Court in an unpublished decision. *See Hawkins v. State,* No. 49A04-1108-PC-424, slip op. at 7 (Ind. Ct. App. Apr. 23, 2012), *trans. denied.*

On April 27, 2015, Hawkins filed a motion to correct sentence and memorandum of law in support of the motion. The motion raised federal and state constitutional claims and challenged the trial court's identification and weighing of aggravating and mitigating circumstances. In an order dated May 13, 2015, the trial court denied the motion, finding that Hawkins's motion "simply attempts to re-litigate issues that were addressed on direct appeal without success." (App. 24.) Hawkins then filed a motion to correct error on June 19, 2015,[] which the trial court denied on June 23, 2015.

*Hawkins v. State*, No. 49A05-1507-CR-855, *1 (Ind. Ct. App. Nov. 25, 2015).

Our Court affirmed the trial court's denial of Hawkins's first motion to correct erroneous sentence. We explained that, pursuant to *Robinson v. State*, 805 N.E.2d 783 (Ind. 2004), "Hawkins's federal and state constitutional claims, and his contentions that the trial court improperly identified and weighed aggravating and mitigating circumstances, require considerations beyond the

---

[1] The Indiana Supreme Court agreed with Hawkins that two of the four aggravating circumstances found by the trial court were improper (specifically, the depreciates the seriousness of the crime aggravator and the recommendation from the victim's family that Hawkins receive an enhanced sentence). Nevertheless, our supreme court affirmed Hawkins's sentence, holding that "the single aggravating factor of Hawkins' prior criminal history [wa]s enough to support an enhanced sentence." *Hawkins v. State*, 748 N.E.2d 362, 364 (Ind. 2001), *reh'g denied*.

face of the sentencing judgment[,]" and that "[s]uch claims may be raised only on direct appeal or through postconviction proceedings, not through a statutory motion to correct sentence." *Hawkins*, No. 49A05-1507-CR-855 at *2.

[4] Subsequently, on March 3, 2017, Hawkins filed a second motion to correct erroneous sentence.[2] In this motion, Hawkins again challenged the trial court's determination of the four aggravating circumstances[3] and its weighing of aggravating and mitigating circumstances. Additionally, Hawkins argued that the trial court's imposition of a maximum sentence of sixty-five years was improper because the sentence was enhanced by aggravating circumstances not found by a jury as required by *Smylie v. State*, 823 N.E.2d 679 (Ind. 2005), *cert. denied* and *Blakely v. Washington*, 542 U.S. 296 (2004), *reh'g denied*. The trial court denied Hawkins's second motion to correct erroneous sentence. Hawkins now appeals.

## Decision

[5] Hawkins appeals the trial court's denial of his motion to correct erroneous sentence pursuant to INDIANA CODE § 35-38-1-15. We review a trial court's denial of a motion to correct erroneous sentence for an abuse of discretion, which occurs when the trial court's decision is against the logic and effect of the

---

[2] Hawkins attached his abstract of judgment to his motion to correct erroneous sentence. As explained in *Neff v. State*, 888 N.E.2d 1249, 1251 (Ind. 2008), when a defendant files a motion to correct sentence in a county such as Marion County, which does not issue judgments of conviction, the abstract of judgment will serve as an appropriate substitute for the judgment of conviction for purposes of making the claim.

[3] Hawkins failed to recognize the Indiana Supreme Court's direct appeal opinion that determined that two of the four aggravating circumstances were improper and that his enhanced sentence was, nevertheless, proper given his criminal history aggravating circumstance.

facts and circumstances before it. *Davis v. State*, 978 N.E.2d 470, 472 (Ind. Ct. App. 2012).

[6] An inmate who believes he has been erroneously sentenced may file a motion to correct the sentence pursuant to INDIANA CODE § 35-38-1-15. *Neff v. State*, 888 N.E.2d 1249, 1250-51 (Ind. 2008). INDIANA CODE § 35-38-1-15 provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

"The purpose of the statute 'is to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence.'" *Robinson*, 805 N.E.2d at 785 (quoting *Gaddie v. State*, 566 N.E.2d 535, 537 (Ind. 1991)).

[7] A statutory motion to correct erroneous sentence "may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority." *Robinson,* 805 N.E.2d at 787. "Such claims may be resolved by considering only the face of the judgment and the applicable statutory authority without reference to other matters in or extrinsic to the record." *Fulkrod v. State*, 855 N.E.2d 1064, 1066 (Ind. Ct. App. 2006). If a claim requires consideration of the proceedings before, during, or after trial, it may not be presented by way of a motion to correct erroneous

sentence. *Robinson*, 805 N.E.2d at 787. Such claims are best addressed on direct appeal or by way of a petition for post-conviction relief where applicable. *Id.* "Use of the statutory motion to correct sentence should thus be narrowly confined to claims apparent from the face of the sentencing judgment, and the "facially erroneous" prerequisite should henceforth be strictly applied[.]" *Id.*

[8] Here, Hawkins challenges the trial court's determination of the aggravating circumstances and its weighing of aggravating and mitigating circumstances. He also suggests that his sentence was inappropriate under Indiana Appellate Rule 7(B). These sentencing issues, however, are not proper claims for a motion to correct erroneous sentence because they "necessarily require[] consideration of the sentencing hearing[.]" *See Godby v. State*, 976 N.E.2d 1235, 1236 (Ind. Ct. App. 2012) (explaining that the defendant's motion to correct erroneous sentence was not the proper method to challenge a sentencing aggravator).[4]

[9] Additionally, in regard to Hawkins's contention that the trial court imposed his sentence in violation of the requirements of *Blakely*, our Court has explained that such a claim is not one to be raised in a motion to correct erroneous sentence:

> *Blakely,* however, does not prohibit all enhanced sentences; rather, *Blakely* requires only that the facts used to support an enhanced sentence, other than the fact of a prior conviction, must

---

[4] Moreover, Hawkins has already raised some of these sentencing challenges to our supreme court, which held that two of the four aggravating circumstances found by the trial court were improper but affirmed his sentence. *See Hawkins*, 748 N.E.2d at 364.

be found by a jury or admitted by the defendant. 542 U.S. at 301, 124 S.Ct. 2531. *See also Edwards v. State*, 822 N.E.2d 1106, 1109 (Ind. Ct. App. 2005). Thus, a determination of whether a sentence was properly imposed under *Blakely* would require that we look beyond the face of the judgment to see if imposition of an enhanced sentence was based upon facts determined through constitutionally permissible channels. As such, a *Blakely* claim is not the type of claim which may be brought through a motion to correct erroneous sentence.

*Fulkrod*, 855 N.E.2d at 1067.

[10] The errors that Hawkins alleges are not clear from the face of the sentencing order and are not appropriate for a motion to correct erroneous sentence. *See Robinson*, 805 N.E.2d at 787. Because Hawkins has failed to show that the trial court abused its discretion by denying his motion, we affirm the trial court's judgment. *See, e.g.*, *Bauer v. State*, 875 N.E.2d 744, 746 (Ind. Ct. App. 2007) (affirming the trial court's denial of the defendant's motion to correct erroneous sentence where the defendant's claims required consideration of matters in the record outside the face of the judgment and were, accordingly, not the types of claims properly presented in a motion to correct erroneous sentence), *trans. denied.*

[11] Affirmed.

May, J., and Brown, J., concur.