FILED

Dec 17 2019, 7:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Darren Bedwell
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Tyler Miller,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 17, 2019

Court of Appeals Case No.
19A-CR-768

Appeal from the Marion Superior
Court

The Honorable Grant Hawkins,
Judge

Trial Court Cause No.
49G05-1601-MR-2267

**Brown, Judge.**

[1] Tyler Miller appeals his sentence for murder, attempted robbery as a level 5 felony, and robbery as a level 3 felony. He also requests a corrected abstract of judgment and sentencing order. We affirm and remand.

## Facts and Procedural History

[2] On January 15, 2016, Khushwinder Singh was working as a clerk at the Cumberland Express Mart. Brittany Thompson, who planned to begin working at the store the following day, was also present. At approximately 7:00 p.m., a man entered the store, purchased a cigar, and left. A few minutes later, Miller and a third man entered the store, displayed firearms, and stated they were robbing the store. Singh was on the phone, "said something in his language," and set the phone down. Transcript Volume II at 119. Miller shot Singh, the bullet perforated Singh's heart, and Singh grabbed his chest and dropped to the floor. The men told Thompson to open the register, she was not able to open it, and the men left the store. Singh died within minutes as a result of the gunshot wound.

[3] At approximately 7:51 p.m., Miller used his phone to access a news article titled "Man dies in far east side shooting." State's Exhibit 141. At approximately 9:20 p.m., Miller and one of the other men entered a Rich Oil station on Brookville Road, and one of the men commanded the store clerk to open the register and struck him on the head with a gun. The clerk opened the register, and the men took the cash and exited the store. The police located the

vehicle in which the men had fled at 9:32 p.m., set up a perimeter, and soon afterwards apprehended the three men.

[4] On January 20, 2016, the State charged Miller with: Count I, murder; Count II, felony murder; Count III, attempted robbery resulting in serious bodily injury as a level 2 felony; Count IV, robbery resulting in bodily injury as a level 3 felony; and Count V, battery by means of a deadly weapon as a level 5 felony. The jury found him guilty as charged.

[5] The court entered judgments of conviction for murder under Count I, robbery as a level 5 felony as a lesser included offense under Count III, and robbery as a level 3 robbery under Count IV. At sentencing, the prosecutor asked for a sentence of sixty years for the murder and an aggregate sentence of seventy-five years and argued Miller was the person who shot Singh. Miller's counsel asked for the minimum sentence on each count and concurrent sentences and argued that Miller was seventeen years old when the crimes occurred, had no prior convictions, graduated from high school, was employed, and was the primary caretaker for his mother. The court stated that Miller was the shooter, the shooting was needless, and that, given that he had no prior convictions, was a high school graduate, and was employed, it was sentencing him to the advisory for murder. The court noted that Miller was involved with the robbery within two hours of the shooting and sentenced him to consecutive sentences of fifty-five years on Count I, five years on Count III, and twelve years on Count IV, for an aggregate sentence of 72 years.

## *Discussion*

## I.

[6] Miller presents two arguments with respect to Count III: the abstract of judgment and sentencing order should be corrected to reflect his attempted robbery conviction, and his sentence should be reduced in light of Ind. Code § 35-50-2-1.3.

### A. *Correction of Abstract of Judgment and Sentencing Order on Count III*

[7] Miller observes the trial court's sentencing order and abstract of judgment show a conviction for robbery under Count III but that the jury found him guilty of attempted robbery. The State charged Miller with attempted robbery under Count III, the court instructed the jury on attempted robbery, and the jury found him guilty of attempted robbery. We remand for an amended abstract of judgment and sentencing order which reflect Miller's conviction for attempted robbery as a level 5 felony under Count III.

### B. *Ind. Code § 35-50-2-1.3*

[8] Miller argues that Ind. Code § 35-50-2-1.3(c) prohibited the trial court from imposing a sentence above the advisory for his conviction for attempted robbery as a level 5 felony under Count III because it ordered that the sentence be served consecutive to his other sentences. Ind. Code § 35-50-2-1.3(c) provides: "In imposing . . . consecutive sentences for felony convictions that are not

crimes of violence (as defined in IC 35-50-1-2(a))[1] arising out of an episode of criminal conduct,[2] in accordance with IC 35-50-1-2 . . . a court is required to use the appropriate advisory sentence in imposing a consecutive sentence . . . ."

[9]     We observe that Ind. Code § 35-50-2-1.3(c), referring to the use of "the appropriate advisory sentence," is merely a reference to a former version of Ind. Code § 35-50-1-2(c) which capped consecutive sentences for an episode of non-violent criminal conduct at "the *advisory sentence* for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted." Ind. Code § 35-50-1-2(c) (2014) (emphasis added) (subsequently amended). In *Robertson v. State*, the Indiana Supreme Court clarified that Ind. Code § 35-50-2-1.3(c) "was not meant to impose additional restrictions on a trial court's ability to impose consecutive sentences" beyond those outlined in Ind. Code § 35-50-1-2(c).[3] 871 N.E.2d 280, 285-286 (Ind. 2007). Effective July 1, 2015, Ind. Code § 35-50-1-2(c) was amended and no longer refers to an "advisory sentence." *See* Pub. L. No. 238-2015, § 16 (eff.

---

[1] Ind. Code § 35-50-1-2(a) provides "'crime of violence' means the following: (1) Murder . . . (13) Robbery as a Level 2 felony or a Level 3 felony . . . ."

[2] Ind. Code § 35-50-1-2(b) provides "'episode of criminal conduct' means offenses or a connected series of offenses that are closely related in time, place, and circumstance."

[3] *See also Tyler v. State*, 903 N.E.2d 463, 468 n.5 (Ind. 2009) (noting the defendant's claim that the trial court erred by running enhanced sentences consecutively and that it had rejected a similar claim in *Robertson*); *Pittman v. State*, 885 N.E.2d 1246, 1260 n.2 (Ind. 2008) (noting *Robertson*'s holding that Ind. Code § 35-50-2-1.3(c) "permits nonadvisory terms to be ordered consecutively"); *Freyn v. State*, 884 N.E.2d 901, 902-903 (Ind. Ct. App. 2008) (noting *Robertson* and holding that Ind. Code § 35-50-2-1.3 did not prohibit a consecutive sentence in excess of the advisory for the defendant's conviction for domestic battery as a class D felony where the defendant did not allege the sentence was limited by Ind. Code § 35-50-1-2).

July 1, 2015). Instead, Ind. Code § 35-50-1-2(c) now provides that the consecutive sentence for an episode of non-violent criminal conduct "shall not exceed the period described in subsection (d)." *See id.* Ind. Code § 35-50-1-2(d) also does not refer to advisory sentences, and it does not limit the total of the consecutive terms of imprisonment to which a defendant is sentenced for felony convictions arising out of an episode of criminal conduct where the most serious crime for which the defendant is sentenced is murder. The language of Ind. Code § 35-50-2-1.3(c) to which Miller points appears to be rendered obsolete by the current wording of Ind. Code § 35-50-1-2(c). To the extent the language of Ind. Code § 35-50-2-1.3(c) was not rendered obsolete, we note that, in light of *Robertson*, the phrase "the appropriate advisory sentence" in Ind. Code § 35-50-2-1.3(c) is a reference to Ind. Code § 35-50-1-2(c) and (d) and that those sections do not prohibit the trial court's sentence here under Count III.

## II.

[10] Miller further claims his aggregate sentence of seventy-two years is inappropriate in light of the nature of the offenses and his character. He argues that he was seventeen years old at the time of the offenses, he will be seventy-one years old at his earliest possible release date, imprisonment shortens an inmate's life expectancy, and in practical terms his sentence is one of life imprisonment. He states there is no question that the circumstances of the offenses were grave but argues that, while the robberies were planned, the murder was not planned and the sudden shooting of Singh was the impulsive

act of a juvenile. He further argues he had no criminal history before this case, held a job, and provided care for his mother.

[11] The State maintains that Miller's sentence is not inappropriate and notes he received the advisory sentence for murder and less than the maximum for robbery and attempted robbery, and that Miller's senseless and unjustifiable murder and attempted robbery of Singh and subsequent robbery at the Rich Oil station do not warrant a reduced sentence. It argues Miller killed Singh in a cold, cruel, and senseless manner and, instead of showing any sort of remorse, robbed another gas station a few hours later. It also argues that Miller's age does not warrant a revision of his sentence.

[12] Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[13] Ind. Code § 35-50-2-3 provides that a person who commits murder shall be imprisoned for a fixed term of between forty-five and sixty-five years with the advisory sentence being fifty-five years. Ind. Code § 35-50-2-5 provides that a person who commits a level 3 felony shall be imprisoned for a fixed term of between three and sixteen years with the advisory sentence being nine years. Ind. Code § 35-50-2-6 provides that a person who commits a level 5 felony shall

be imprisoned for a fixed term between one and six years with the advisory sentence being three years.

[14] Our review of the nature of the offense reveals that, at approximately 7:00 p.m., Miller and another man entered the Cumberland Express Mart displaying firearms. After Singh set his phone down, Miller shot him in the chest, killing him. At about 7:50 p.m., Miller accessed a news article regarding the murder of Singh. At approximately 9:20 p.m., Miller and another man entered the Rich Oil station, struck and threatened the store clerk, and took cash from the register. Miller's murder of Singh was senseless. Even after the first attempted robbery resulted in Miller killing Singh, Miller went on to participate in the armed robbery of the Rich Oil station.

[15] Our review of the character of the offender reveals that Miller was born on March 17, 1998, and according to the presentence investigation report ("PSI"), graduated from high school in 2016, admitted to being suspended due to fighting, and was charged with battery resulting in bodily injury as a class A misdemeanor in March 2017 but the charge was dismissed. Miller committed the offenses in this case approximately two months prior to his eighteenth birthday. The PSI also states that he had been employed bussing tables for approximately four months prior to his arrest and reported working at least part time all twelve months prior to his arrest. The Indiana risk assessment tool places Miller in the high risk to reoffend category in the domains of neighborhood problems and peer associations. Miller's mother wrote a letter stating that, when she became extremely ill, he took a lot of responsibility as her

in-home caretaker. Miller received the advisory sentence for murder and consecutive sentences, which were enhanced but not to the statutory maximums, for robbery and attempted robbery. After due consideration, we conclude that Miller has not sustained his burden of establishing that his sentence is inappropriate.

## *Conclusion*

[16] We remand with instructions to enter an amended sentencing order and abstract of judgment which reflect Miller's conviction for attempted robbery as a level 5 felony under Count III. We affirm Miller's sentence.

[17] Affirmed and remanded.

Baker, J., and Riley, J., concur.